People v Canon (2024 NY Slip Op 03090)

People v Canon

2024 NY Slip Op 03090

Decided on June 06, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 06, 2024

Before: Kern, J.P., Moulton, Friedman, González, Pitt-Burke, JJ. 

SCI No. 2048/19 Appeal No. 2437 Case No. 2021-04318 

[*1]The People of the State of New York, Respondent,
v
Aylin Canon, Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Rachel Lindy of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Julia Gorski of counsel), for respondent.

Order, Supreme Court, New York County (Ellen N. Biben, J.), entered on or about October 28, 2021, which adjudicated defendant a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court properly assessed defendant 20 points under risk factor 7 for her exploitation of a professional relationship with the victim. Defendant was employed at a school as a mentor to students in an afterschool program, and she used that role to secure the trust of a 13-year-old student in order to sexually abuse her (see People v Singh, 165 AD3d 444 [1st Dept 2018], lv denied 32 NY3d 914 [2019]).
The 15 points under risk factor 14 for release without supervision were also properly assessed. After defendant's guilty plea in the underlying matter, in accordance with her plea agreement, defendant's sentencing was adjourned to allow her to participate in a treatment program, the successful completion of which resulted in a promised sentence of time served. Defendant was not subject to any supervision as part of her sentence. Contrary to her contention, the supervision defendant received during her participation in the treatment program prior to sentencing did not constitute "supervision" under risk factor 14, which contemplates supervision in a post-sentence release environment (see People v Diaz, 210 AD3d 442, 443 [1st Dept 2022]).
The court providently exercised its discretion in declining to grant a downward departure (see People v Gillotti, 23 NY3d 841, 861 [2014]). The mitigating factors cited by defendant were either adequately taken into account by the risk assessment instrument or were outweighed by the seriousness of the underlying offense. Even if defendant were "significantly less likely to reoffend, the magnitude of harm that would result if [s]he did reoffend establishes a valid reason for denial of a downward departure" (People v Etheridge, 149 AD3d 446, 447 [1st Dept 2017], lv denied 29 NY3d 912 [2017]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 6, 2024